**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 01 2018

JAMES W. McCORMACK, CLERK
.By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHAUN FAULK, Individually and on**      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

VS.       No. 4:18-cv-_161- BRW_

**HOLMAN DISTRIBUTION CENTER OF WASHINGTON, INC.**      **DEFENDANT**

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Shaun Faulk ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Allison Koile, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action against Defendant Holman Distribution Center of Washington, Inc. ("Defendant"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a hybrid class and collective action brought by Plaintiff Shaun Faulk, individually and on behalf of other warehouse employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including a reasonable attorney's fee, as a result of

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Deere_

Defendant's failure to pay Plaintiff and other warehouse employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Defendant does business in this district and a substantial part of the events alleged herein occurred in this District.

9.      The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.     On information and belief, payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.   THE PARTIES

11.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.   Plaintiff Shaun Faulk is a citizen and resident of Faulkner County.

13.   Plaintiff worked for Defendant as a warehouse worker within the three (3) years preceding the filing of this Complaint.

14.   Plaintiff was paid an hourly rate.

15.   At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

16.   Defendant is a for-profit, foreign corporation, providing Third Party Logistics (3PL) and Supply Chain Management services with base operations in the Seattle area of the Pacific Northwest, with public warehouse facilities in Seattle, and contract warehousing and manufacturing logistics operations across the United States.

17.   Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

18.   During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

19.   Defendant's principal address is 22430 76th Avenue South, Kent, Washington, 98032.

20.     Defendant's registered agent for service of process is Charles Bloser, 500 Murphy Road, Maumelle, Arkansas 72113.

21.     Defendant was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the proposed classes, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22.     Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

## IV.     FACTUAL ALLEGATIONS

23.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

24.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a warehouse employee at Defendant's location in Conway, Arkansas.

25.     Defendant directly hired Plaintiff and other warehouse employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26.     Plaintiff and other warehouse employees provided manual labor and other services such as moving boxes and operating equipment.

27.     Plaintiff and other warehouse employees were classified as hourly employees and paid an hourly rate.

28.     Plaintiff and other warehouse employees regularly worked in excess of forty (40) hours per week.

29.     It was Defendant's commonly applied policy to not pay Plaintiff and other warehouse employees an overtime premium of one and one-half (1.5) times their regular rate of pay for all hours over forty (40) for which they were performing services for Defendant.

30.     As a result, Defendant did not pay Plaintiff or other warehouse employees a lawful overtime wage of one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week.

31.     Plaintiff and other warehouse employees were and are entitled to lawful overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

32.     Defendant paid Plaintiff and other warehouse employees overtime compensation for some hours worked in excess of forty (40) hours per week, but refused to pay Plaintiff and other warehouse employees a lawful overtime premium for all hours worked, even though Defendant was aware of the requirement to do so.

33.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other warehouse employees violated the FLSA and AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Collective

34.     Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

35.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

36.     Plaintiff brings his FLSA claims on behalf of all hourly warehouse employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.     Liquidated damages and,

C.     Attorneys' fees and costs.

37.     In conformity with the requirements of FLSA Section 216(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

38.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

39.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.     They were paid hourly;

C.     They recorded their time in the same manner; and

D.    They were subject to Defendant's common policy of denying lawful pay for all hours worked, including overtime pay for some hours worked over forty (40) per work week.

40.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 800 persons.

41.    In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

42.    Defendant can readily identify the members of the Section 216(b) Collective.   The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.    AMWA Rule 23 Class

43.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44.    Plaintiff proposes to represent the class of hourly warehouse employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

45.     Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class a lawful overtime premium in accordance with the AMWA.

46.     Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

47.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

48.     Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 70 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

49.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

50.     Concentrating the litigation in this forum is highly desirable because Defendant has a facility in Pulaski County in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

51.     No difficulties are likely to be encountered in the management of this class action.

52.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

53.     Plaintiff and his counsel will fairly and adequately protect the interests of the class.

54.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

55.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.     FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

56.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

57.     29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty in one week and one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. §§ 206-207.

58.     Defendant failed to pay Plaintiff a lawful overtime wage of one and one-half times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

59.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

60.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

61.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

62.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

63.     Plaintiff asserts this claim on behalf of all warehouse employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and

members of the putative collective for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week.

64.     Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

65.     29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty in one week and one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. §§ 206-207.

66.     Defendant failed to pay Plaintiff and those similarly situated a lawful overtime wage of one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto, and instead deliberately chose to only pay them a lower rate for some of those hours.

67.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

> **All hourly-paid warehouse employees employed by Defendant within the past three years who worked more than forty (40) hours in any week.**

68.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

69.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

70.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the AMWA)

71.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

72.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

73.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75.     Defendant failed to pay Plaintiff all wages owed, as required under the AMWA.

76.     Despite the entitlement of Plaintiff to payment of lawful overtime premiums under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium for all hours worked.

77.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

78.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

79.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    FOURTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of the AMWA)

80.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

81.    Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

82.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

83.    Defendant failed to pay Plaintiff and members of the proposed class all wages owed, as required under the AMWA.

84.     Despite the entitlement of Plaintiff and members of the proposed class to payment of lawful overtime premiums under the AMWA, Defendant failed to pay Plaintiff and members of the proposed class a lawful overtime premium.

85.     Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

> **All hourly-paid warehouse employees employed by Defendant in Arkansas within the past three years who worked more than forty (40) hours in any week.**

86.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

87.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

88.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shaun Faulk, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(a)    That Defendant be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

(b)    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(c)    A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(d)    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)    Judgment for damages for all unpaid regular and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(f)    Judgment for damages for all unpaid regular and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

(g)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular and overtime compensation owed to Plaintiff and members of the class during the applicable statutory period;

(h)    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

(i)    An order directing Defendant to pay Plaintiff and members of the class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(j)    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**SHAUN FAULK, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: _____
Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

_____
Chris Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

and    _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHAUN FAULK, Individually and on**                                  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                            No. 4:18-cv-_____

**HOLMAN DISTRIBUTION CENTER OF WASHINGTON, INC.**          **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as warehouse employee for Defendant Holman Distribution Center of Washington, Inc. ("Defendant"), within the three years preceding the signing of this document. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

**Shaun Faulk**

Date: 3/1/18

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**